**UNITED STATES, Appellee,**

v.

**Ernesto L. BERNARD, aka Nelson, Defendant–Appellant.**

**No. 98–1482(L).**

United States Court of Appeals, Second Circuit.

May 11, 2001.

---

Gerald E. Bodell, New York, NY, for appellant.

Robert M. Appleton, Bridgeport, CT, Assistant United States Attorney; Stephen C. Robinson, United States Attorney, on the brief, for appellee.

Present OAKES, JACOBS and PARKER, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that counsel's motion to withdraw pursuant to *Anders v. Califor-*

*nia,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the government's motion for summary affirmance, be granted.

Bernard pled guilty to RICO conspiracy in violation of 18 U.S.C. § 1962(c). The RICO conspiracy had several predicates, among them drug conspiracy and conspiracy to murder. The general statutory maximum under § 1962 is twenty years. *See* 18 U.S.C. § 1963(a). However, if any of the predicate felonies carries a maximum term of life imprisonment, that maximum applies. *See id.* Judge Nevas sentenced Bernard chiefly to 405 months imprisonment, a sentence that could not stand unless one of the predicates carries a life maximum.

Drug quantity was not specified in the indictment nor discussed in the allocution, and was instead determined by a preponderance of the evidence by the district court in reliance on the pre-sentence report. The quantity of narcotics attributed to Bernard pushed the maximum statutory sentence for this predicate to life imprisonment. *See* 18 U.S.C. § 841(b)(1)(A). However, any reliance Bernard might arguably place on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is obviated by the fact that Bernard's conspiracy to murder predicate *also* carried a life maximum. *See* 18 U.S.C. § 1117.

We find that "counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal," and that "defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." *United States v. Burnett,* 989 F.2d 100, 102 (2d Cir.1993).

For the reasons set forth above, the motions are hereby granted.